In the Matter of the Estate of SOPHIE STINE BARSCHALL, Deceased.

Surrogate's Court, New York County, February 23, 1933.

*Guggenheimer & Untermyer*, for the petitioner, John A. Byrnes, special guardian.

*Curtis, Mallet, Prevost, Colt & Mosle* [*Hugo Kohlmann* and *Eugene W. Goodwillie* of counsel], for the estate of John Barschall.

DELEHANTY, S. In this accounting proceeding several questions of construction are raised by reason of the following provisions of the third, fourth and fifth paragraphs of the will of the deceased:

" *Third.* I give, devise and bequeath unto my Executors hereinafter named, and to the survivor of them, all the rest, residue and remainder of my estate wheresoever the same may be, and of whatsoever kind. In Trust Nevertheless to invest same and keep the same invested upon such security or without security as my Executors and Trustees and the survivor of them shall deem to be the best interests of my estate, and to receive the income thereof, and apply the same as follows:

" (a) To apply and appropriate out of the said rents, income and profits such sum or sums as may in their opinion be necessary for the support, maintenance and education of any infant children me surviving, until such children shall respectively attain her majority.

" (b) To pay all the rest, residue and remainder of said rents, income and profits annually to my beloved husband, Max Barschall, for his own, sole and absolute use and benefit during the term of his natural life.

" *Fourth.* Upon the death of my said husband, I order and direct that my entire estate, both real and personal, wheresoever and what the same may be, shall be divided among any children me surviving, share and share alike, the share of each to be invested for it until majority, and the rents, issues and profits of its share to be applied to its support, maintenance and education up to that time.

" *Fifth.* If at the time of the death of my said husband, there should be no issue me surviving, then and in that event, I order and direct that my entire estate which would have been received by my issue me surviving, had there been any, shall be divided share and share alike between my beloved sister, Lillie Stine Zulzer, wife of Gustav Zulzer of the City of Hamburg, Germany, and my beloved sister, Nellie Stine Ehrich, wife of Samuel W. Ehrich.

" If at such time either my beloved sister, Lillie Stine Zulzer, or my beloved sister, Nellie Stine Ehrich, should be dead, then in that event, I order and direct that the share which said deceased sister would have received, be divided share and share alike among the issue of such deceased sister, should there be any such issue."

The testatrix died June 3, 1911. Surviving her were her husband, Max, and her son, John, sole distributees and next of kin. Max Barschall, the life tenant of the trust established by paragraph third of the will, died June 5, 1931. The son of the testatrix, John Barschall, died January 5, 1931.

By reason of the fact that John Barschall, the son of the testatrix,

died before the husband of the testatrix, there is presented a major question, whether there vested in the son, John Barschall, the remainder in the residuary of the estate or whether all right and interest of the son, John Barschall, was lost by reason of the fact that he predeceased his father, the life tenant.

In conformity to the rule which favors vesting of estates and the further rule which seeks to avoid intestacy, I hold that the remainder interest in the trust fund vested in John Barschall, son of the testatrix, immediately upon the death of the testatrix. I further hold that such fund is the property of the estate of John Barschall and is payable to his representative when duly qualified. (*Cammann* v. *Bailey*, 210 N. Y. 19; *Connelly* v. *O'Brien*, 166 id. 406; *Hersee* v. *Simpson*, 154 id. 496; *Fulton Trust Co.* v. *Phillips*, 218 id. 573, at p. 583; *Matter of Roth*, 234 App. Div. 474.)

The foregoing determination makes unnecessary any specific ruling in respect of any of the other matters suggested by petitioner and by the special guardian. Submit decree on notice construing the will and settling the account accordingly.